# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below, Respondent**

**vs) No. 13-1210** (Kanawha County 12-F-570)

**Glen Tucker, Defendant Below, Petitioner**

**FILED**

January 12, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Glen Tucker, by counsel Charles Hamilton, appeals the Circuit Court of Kanawha County's November 20, 2013, sentencing order following his guilty plea of third offense driving while under the influence of alcohol, controlled substances, and other drugs. The State of West Virginia, by counsel Benjamin Yancey III, filed a response. On appeal, petitioner argues the circuit court erred in finding that his guilty plea was entered freely, knowingly, and voluntarily.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2012, petitioner was indicted on one count of third offense driving while under the influence of alcohol, controlled substances, and other drugs in violation of West Virginia Code § 17C-5-2, and one count of third offense driving while revoked for driving under the influence of alcohol, controlled substances, and other drugs in violation of West Virginia Code § 17B-4-3(b). Pursuant to a plea agreement, petitioner pled guilty to third offense driving while under the influence of alcohol, controlled substances, and other drugs. As part of the plea agreement the State dismissed the remaining count of the indictment. A plea hearing was held on April 8, 2013, after which petitioner was sentenced to a term of incarceration of one to three years. By order entered November 20, 2013, petitioner was resentenced for the purpose of filing a petition for appeal. It is from this order that petitioner now appeals.

On appeal, petitioner alleges that he did not knowingly, intelligently, and voluntarily enter into the plea agreement. In support, petitioner argues that he thought he was entering a plea pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), and that the trial court failed to conduct a proper colloquy pursuant to Rule 11 of the West Virginia Rules of Criminal Procedure and syllabus point three of *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975), which states:

[w]hen a criminal defendant proposes to enter a plea of guilty, the trial judge should interrogate such defendant on the record with regard to his intelligent understanding of the following rights, some of which he will waive by pleading guilty: 1) the right to retain counsel of his choice, and if indigent, the right to court appointed counsel; 2) the right to consult with counsel and have counsel prepare the defense; 3) the right to a public trial by an impartial jury of twelve persons; 4) the right to have the State prove its case beyond a reasonable doubt and the right of the defendant to stand mute during the proceedings; 5) the right to confront and cross-examine his accusers; 6) the right to present witnesses in his own defense and to testify himself in his own defense; 7) the right to appeal the conviction for any errors of law; 8) the right to move to suppress illegally obtained evidence and illegally obtained confessions; and, 9) the right to challenge in the trial court and on appeal all pre-trial proceedings.

To begin, the Court finds no merit in petitioner's argument that he believed he was entering a *Kennedy* plea. A review of petitioner's plea agreement clearly shows no reference to *Kennedy*. Regardless if petitioner entered a *Kennedy* plea or a guilty plea pursuant to Rule 11, the plea must have been done knowingly, freely, intelligently, and voluntarily. See Syl. Pt. 1, *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987) ("An accused may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime . . . .").

Here, the record reflects that while the circuit judge did not methodically follow the litany of factors set forth in *Call*, the circuit court took the necessary steps to ensure that petitioner's guilty plea was freely, knowingly, and voluntarily made and that petitioner was fully advised of all the rights he was giving up by pleading guilty. The record reflects that petitioner unequivocally informed the circuit court that he understood his rights; that he wished to plead guilty to the crimes charged; and that no one had unduly influenced him to plead guilty. For these reasons, the Court finds that petitioner knowingly, freely, intelligently, and voluntarily pled guilty to the charge of third offense driving while under the influence of alcohol, controlled substances, and other drugs.

For the foregoing reasons, the circuit court's sentencing order is affirmed.

Affirmed.

**ISSUED**: January 12, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II